**SIERRA CLUB, et al., Plaintiffs–Appellees/Cross–Appellants,**

v.

**Michael DOMBECK, in his capacity as Chief of the U.S. Forest Service, et al., Defendant,**

and

**Canyon Forest Village II Corporation, Defendant–Intervenor–Appellant/Cross–Appellee.**

Nos. 01–17391, 01–17394.

D.C. No. CV–00–00421–PGR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2002.

Decided Dec. 27, 2002.

Before RYMER, THOMAS and SILVERMAN, Circuit Judges.

MEMORANDUM*

The District Court for the District of Arizona granted summary judgment to the

* This disposition is not appropriate for publication and may not be cited to or by the courts

**412**

Sierra Club on Counts I through VII of its complaint, and dismissed the eighth count on ripeness grounds. Canyon Forest Village II Corporation (CFV), a defendant-intervenor, appeals the judgment on some of these claims. The Sierra Club cross-appeals the district court's dismissal of Count VIII. Because the facts are familiar to both parties, we will not recite them in detail except as necessary.

This Court does not have jurisdiction to decide CFV's appeal because CFV lacks standing on appeal. The Forest Service did not appeal the District Court's order. Therefore, CFV, as an intervenor, may appeal in the absence of the Forest Service only if it independently satisfies the standing requirements of Article III. *Didrickson v. U.S. Dep't of Interior*, 982 F.2d 1332, 1337–38 (9th Cir.1992). CFV fails to meet Article III's redressability requirement because it is speculative whether a favorable appellate decision would redress its injury. Even if CFV were to prevail on each of its arguments, the Forest Service must undertake a number of additional tasks, including conducting further environmental analyses regarding Alternative H's water delivery system, its use of groundwater during the construction, and its use of groundwater during emergencies, and obtaining a zoning change for its 272 acres in Coconino County, before the land exchange might ever be completed. In addition, the Forest Service has effectively acquiesced in the district court's determination that other work must also be done before a new ROD is issued. CFV cannot compel it to do otherwise. In these circumstances, we conclude that CFV lacks standing to pursue this appeal. *See Diamond v. Charles*, 476 U.S. 54, 106 S.Ct. 1697, 90 L.Ed.2d 48 (1986); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

of this circuit except as provided by Ninth

As for Sierra Club's cross-appeal, this Court lacks jurisdiction to decide it because it is moot in light of the fact that the Forest Service has decided to perform additional environmental analysis consistent with an order issued by the District Court for the District of Columbia and to reevaluate the proposed land exchange in light of that analysis. As a result, the environmental impact statement will be supplemented and a revised record of decision will be issued by the Forest Service.

DISMISSED.